GOTHARD, Judge.
Defendants, Anthony Catalanotto and Vend-Rite Food Services, Inc.(Vend-Rite), appeal a default judgment taken against them by plaintiff, VSA, Inc.(VSA), in a suit on an open account. For reasons that follow we vacate the trial court’s confirmation of the default judgment and remand the matter for further proceedings.
This matter began with the filing of a suit on an open account in which plaintiff, VSA, asserts that both defendants are liable in solido for the sum of $47,962.91. In the petition, VSA asserts that Vend-Rite is a domestic corporation and that Anthony Cata-lanotto is an individual who is hable in solido with VendjRite3 for products purchased from VSA for which no payment was received. Attached to the petition as exhibits were the following:
1. Thirteen invoices of goods sent to Vend-Rite totaling $34,486.03.
2. Copies of five NSF checks written to VSA on Vend-Rite’s account totaling $13,476.88.
3. A return receipt dated 2/28/97 addressed to “Tony Catalanotto d/b/a Vendrite Food Service”
4. A supplemental demand letter dated March 5, 1997 correcting the amount . due.
5. A receipt for certified mail showing that correspondence was mailed to defendants on March 5,1997.
The petition was personally served on Anthony Catalanotto on April 3,1997. When no answer was filed by either defendant, VSA moved for a preliminary default. Attached to that motion is a “Certification of Attorney” and an “Affidavit of Correctness of Account and/or Note and Non-military service”. Subsequently, the default judgment was con *1091 firmed, easting both defendants in judgment, in solido, for the total amount of $47,962.91, plus interest from date of judicial demand, all costs of the proceedings, and reasonable attorney fees, pursuant to LSA-R.S. 9:2781. Defendants filed a devolutive appeal from that judgment.
In brief to this Court, Catalanotto and Vend-Rite argue that the evidence was insufficient to sustain the default judgment against either defendant. Further, Catala-notto, argues the judgment was improperly granted against him individually, where ah evidence of debt relates solely to the corporation.
I4VSA argues that the judgment ■ against both defendants should stand because the default judgment was obtained in accordance with the applicable law and was sufficiently supported by evidence of the debt. As to the judgment against Mr. Catalanotto, VSA argues that it is justified in that Mr. Catalanot-to is the sole shareholder of Vend-Rite and a guarantor of its debts.
The procedure for obtaining a default judgment without a hearing is set forth in LSA-C.C.P. arts. 1701, 1702, and 1702.1 which provide in pertinent part as follows.
Art. 1701. Judgment by default
A.If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
Art. 1702. Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
* * * * * *
B. (B) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C.In those proceedings in which the sum due is on an open account ... a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the |,.¡court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court.
Art. 1702.1. Confirmation of default judgment without hearing in open court; required information; certifications
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account ... and that the necessary invoices and affidavits ... are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.
B. The certification shall indicate the' type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein ..the date of the examination and a *1092 statement that no answer or other opposition has been filed.
To obtain á default judgment a plaintiff must “establish the elements of a prima facie ease with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant”. Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989).
1 fiReview of the procedure used, and the proof offered, in the confirmation of the default judgment in this matter reveals several flaws. It is apparent from the record, and from VSA’s brief, that two demand letters were sent. The initial demand letter was purportedly mailed on February 27, 1997, but was never made a part of the record. There is a return receipt of service for that letter attached to the petition which indicates that only one demand letter was sent to both defendants and was received'by “A. Catalanotto”. A second demand letter, correcting the amount due to the amount , for which judgment was finally obtained, was apparently mailed to defendants on March 5, 1997. A copy of that letter is contained in the record along with a receipt for certified mail. However, there is no return of service receipt for that demand letter. Plaintiff admits in brief that service on this demand letter was never accomplished.
In order to obtain a judgment for attorney fees pursuant to LSA-R.S. 9:2781, a plaintiff must show that a defendant has failed “to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed”. Additionally, article 1702.1A requires that a copy of the demand letter and proof of service be attached to the attorney’s certification. VSA has not made the required showing pursuant to 9:2781, nor has it met the requirement of article 1702.1A. The original demand letter was for an incorrect amount and the second demand letter was never delivered to the defendants. Therefore, the award of attorney fees cannot be sustained.
Additionally, there is nothing in the allegations of the petition, or in the proof offered to support the default judgment, to indicate the connection between Catalanotto and Vend-Rite, or to show that Catalanotto ever ordered from, or |7received any goods from VSA. There is no allegation in the petition, except the statement that Catalanotto is liable, to show how that liability attaches. All of the invoices which support the claim are addressed to Vend-Rite and the NSF checks are all written on Vend-Rite’s account. Further, there is no allegation in the petition that Catalanotto is a shareholder in the corporation or gave his guaranty for the debts of Vend-Rite. In brief to this Court, VSA asserts that Mr. Catalanotto is the sole shareholder of Vend-Rite and signed a personal guaranty whereby he personally obligated himself for the entire debt of Vend-Rite, but admits the guaranty was not submitted to the trial court in support of its claim against Catalanotto. Consequently, there is nothing in the record to support VSA’s assertion in brief.
In support of its position concerning Mr. Catalanotto, VSA cites Carboline Co. v. Hymel, 335 So.2d 45 (La.App. 4 Cir.1976). VSA argues that Carboline holds that a defendant in a suit on an open account cannot raise the defense of lack of individual liability on a corporate debt on an exception of no cause of action. Even assuming arguendo that Car-boline so holds, it is not favorable to plaintiffs cause. There has been no exception of no cause of action asserted by defendants in the instant matter. Further, unlike the plaintiff in Carboline, VSA asserted in its petition that Vend-Rite is a corporation, and made no allegations that Catalanotto is individually liable for the corporate debts of Vend-Rite. We find the judgment is invalid as it relates to Catalanotto.
There is an obvious deficiency in the procedure used by plaintiff to obtain a default judgment in this matter. The attorney’s certification does not contain a certification by the clerk of court that the record does not contain an answer as [^required by article 1702.1 B. The requirements of art. 1702.1 are mandatory and a plaintiff’s failure to comply to these requirements is fatal to the action. Hollis v. Norton, 586 So.2d 656 (La.App. 5 Cir.1991).
*1093 For the foregoing reasons, we vacate the default judgment and remand the matter for further proceedings.
JUDGMENT VACATED; MATTER REMANDED.