729 So.2d 81 (1999)
Brenda M. Lonergan, Wife of/and Francis B. LONERGAN, Jr.
v.
METLIFE a/k/a Metropolitan Life Insurance and Templet Hearing Specialists, Inc.
No. 98-CA-767.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1999.
Paul A. Lea, Jr., Covington, Louisiana, Attorney for Plaintiff/Appellee.
Sidney F. Rothschild, New Orleans, Louisiana, Attorney for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and THOMAS F. DALEY.
DALEY, Judge.
This is an appeal by the defendant, Templet Hearing Specialists, Inc., from a default judgment. For reasons assigned, we reverse the holding of the trial court.

FACTS
The plaintiff, Brenda M. Lonergan, was employed by the defendant, Templet Hearing Specialists, Inc., (Templet). Premiums for health insurance provided by the defendant Metlife, a/k/a Metropolitan Life Insurance Company[1] were deducted from Mrs. Lonergan's monthly check. Mr. Lonergan was also covered under this health insurance policy. Mr. Lonergan had a medical procedure performed on February 20, 1997. Metlife refused to pay for this procedure, stating that Mr. Lonergan was not covered on the date of the procedure.
The Lonergans filed suit against Templet alleging the February premium for health insurance was deducted from Mrs. Lonergan's January paycheck. Plaintiffs alleged that Templet failed to forward this premium to Metlife, which resulted in plaintiffs' policy being canceled.
Templet failed to answer or respond to the petition filed by plaintiffs and a preliminary default was taken on May 11, 1998. A default judgment was rendered without a hearing on June 2, 1998.

*82 DISCUSSION
On appeal, Templet argues the trial court erred in granting the default judgment because the plaintiffs failed to comply with the provisions mandated by the Louisiana Code of Civil Procedure. Templet argues, among other things, that a default judgment cannot be rendered, under the provisions of article 1702.1, in the absence of a certification by the Clerk of Court that responsive pleadings have not been filed.
Article 1702.1 provides in pertinent part:
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached....
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
After obtaining a preliminary default, plaintiffs' counsel presented to the trial court a Memorandum in Support of Plaintiffs' Default Judgment. This document states that health insurance premiums were deducted from Mrs. Lonergans' January 31, 1997 pay check, and when plaintiffs presented bills for treatment rendered, they were advised there was no coverage because the premium for February 1997 had not been received. The document goes on to state that Templet was served with a copy of the petition on March 30, 1998 and a preliminary default was taken on May 11, 1998, and that responsive pleadings were not filed. This document is not certified. Affidavits by both plaintiffs with bills related to Mr. Lonergan's February 20, 1998 medical procedure were attached to the document, along with Mrs. Lonergan's paycheck stub showing the deduction for health insurance. Although the preliminary default contains a certification by the Clerk of Court stating that responsive pleadings had not been filed, there was no such certification accompanying the default judgment.
In Ruston State Bank & Trust v. Streeter, 545 So.2d 1255, (La.App. 2nd Cir.1989), the plaintiff filed a motion for confirmation of a default judgment and attached a proposed final judgment and certification by the Clerk of Court that no answer or other pleading had been filed by defendant. There was no hearing held to confirm the default. On appeal, defendant argued plaintiff did not comply with the mandatory articles of article 1702.1 in that there was no certification that the suit was on a promissory note, nor was the note attached to the motion. The defendant also cited the lack of certification as to the type and date of service on the defendant. The plaintiff argued that he complied with the article in that the motion for confirmation of the default judgment incorporated by reference the entire record. The Second Circuit agreed with plaintiff and affirmed the default holding "Each element of proof necessary to meet the codal requirements for confirming a default judgment without a hearing is contained in the record, and the minutes of the court reflect that the trail judge reviewed the record evidence before rendering judgment. The fact that plaintiff's counsel submitted the evidence in this manner rather than separately certifying the facts which constitute the necessary evidence and attaching these documents to the motion for confirmation is of no moment." Id. at 1258.
The case before us is distinguishable from the facts of Ruston State Bank & Trust, in that the plaintiffs did not actually file a motion to confirm the default, nor did they move that the entire record be incorporated.
We find that the documentation submitted by plaintiffs does not comply with the mandated requirements of article 1702.1. Plaintiff failed to provide the itemized certification indicating the type and date of service, the *83 date of preliminary default, and the clerk's certification that no answer was filed. The same omissions were made by the plaintiff in American Tempering, Inc. v. Crasto Glass and Mirror Co., Inc., 487 So.2d 116, (La.App. 4th Cir.1986), and the court held these deficiencies were fatal to plaintiffs judgment. In Ruston State Bank & Trust these deficiencies were cured by the introduction of the entire record into evidence; however, there was no such introduction in the case before us. The requirements of article 1702.1 are mandatory. VSA, Inc. v. Catalanotto, 97-897 (La.App. 5th Cir. 1/27/98), 708 So.2d 1090. The failure to comply with these requirements requires that the default judgment be vacated. Id.
For the foregoing reasons, we vacate the default judgment and remand the matter for further proceedings.
JUDGMENT VACATED; MATTER REMANDED.
NOTES
[1] Metlife is not a party to this appeal.