870 So.2d 602 (2004)
DISCOVER BANK f/k/a, et al., Plaintiffs-Appellees
v.
Charles R. PETERS aka Randall C. Peters, Defendant-Appellant.
No. 38,366-CA.
Court of Appeal of Louisiana, Second Circuit.
April 14, 2004.
*603 Charles C. Peters, in Proper Person, Appellant.
Peter S. Thriffiley, New Orleans, for Appellee.
Before BROWN, CARAWAY, and PEATROSS, JJ.
BROWN, C.J.
Petitioner, Discover Bank, obtained a default judgment against defendant, Charles R. Peters a/k/a Randall C. Peters ("Peters").[1] Peters appeals the denial of his motion for new trial. We affirm.

Factual and Procedural Background
On May 12, 2003, this petition was filed to collect the unpaid balance of $16,256.25 on a credit card issued to defendant by Discover Bank. An account manager's affidavit, account summary from March 13, *604 2003, showing the outstanding balance, a copy of Peters' cardholder agreement with Discover Bank, and a request to Peters for admissions of fact were attached to the petition. The record reflects that the petition was personally served on Peters by a deputy sheriff on May 14, 2003.
On May 19, 2003, Peters, representing himself, filed a document in the district court with the lengthy caption "Pleading Of Special Matter Pursuant To Civil Rule 9; Defendant's Motion For Extension To Respond Pending Discovery (Condition Precedent) So That Affirmative Defenses Can Be Asserted; Defendant's Demand For Production Of Documents So That Affirmative Defenses Can Be Effectively And Properly Asserted." The document does not admit or deny the allegations of the petition, does not state any facts upon which any defenses may have been based, and does not raise any affirmative defense. Peters' pleading also included sections captioned "Notice of Potential Civil Rights Violation" and "Notice of Potential Violation of Federal Criminal Law."
On June 11, 2003, plaintiff took a preliminary default judgment against Peters. On June 17, 2003, plaintiff's attorney mailed a notice to Peters informing him of the preliminary default and further informing him that plaintiff planned to confirm the default in accordance with the law. Peters received this notice by certified mail on June 20, 2003.
On July 10, 2003, plaintiff presented the court with a statement of account, an affidavit of correctness of account and non-military service, and a proposed judgment by default. Attached to the judgment was a certificate of plaintiff's attorney affirming that: (1) the account sued upon was an open account; (2) the attorney fees requested were contractual in nature; (3) defendant was served personally on May 14, 2003; and (4) a preliminary default was entered on June 11, 2003.
At the bottom of this certificate was a "Certificate of Clerk" which reads "I certify that I have reviewed the record in the above captioned matter and as of this date, no answer, exception or opposition has been filed by any party hereto." This clerk's certificate, however, was neither signed nor dated.
Also attached to the plaintiff's proposed judgment were numerous supporting documents including: (1) an affidavit from plaintiff's counsel concerning the time spent on the matter, (2) an affidavit of a DFS account manager verifying that Peters owed $16,256.25 on his account, (3) a copy of Peters' application for his Discover card, (4) an affidavit of plaintiff's counsel that he had sent a notice to Peters of the default judgment, that Peters received the notice on June 20, 2003, and that seven days had elapsed since Peters' receipt of notice, (5) a demand letter to Peters from March of 2003, and (6) another copy of Peters' March 13, 2003, statement of account. The court signed the default judgment. Thereafter, on July 22, 2003, Peters filed a motion for new trial which the trial court denied on September 9, 2003. This appeal ensued.

Applicable Legal Principles
The law and procedures relative to the taking of default judgments in suits on an open account without a hearing are set forth in La. C.C.P. arts. 1701, 1702, and 1702.1. At the time this suit was filed, these articles provided, in pertinent part:
Art. 1701. Judgment by default
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which *605 shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
* * *
Art. 1702. Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
* * *
B. (3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. In those proceedings in which the sum due is on an open account ... a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court. (Emphasis Added).
Art. 1702.1. Confirmation of default judgment without hearing in open court; required information; certifications
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account ... and that the necessary invoices and affidavit... are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed (Emphasis Added).

Discussion
In reviewing a default judgment, an appellate court is restricted to a determination of the sufficiency of the evidence offered in support of the judgment. The presumption that the default judgment was rendered upon sufficient evidence and is correct does not apply where, as in the present case, the testimony is transcribed and contained in the record. In such a case, the reviewing court is able to determine from the record whether the evidence upon which the judgment was based was sufficient and competent. Crump v. *606 Bank One Corp., 35,990 (La.App.2d Cir.05/08/02), 817 So.2d 1187; Carroll v. Coleman, 27,861 (La.App.2d Cir.01/24/96), 666 So.2d 1264; Meshell v. Russell, 589 So.2d 86 (La.App. 2d Cir.1991).
In order for a plaintiff to obtain a default judgment and confirmation thereof, he must establish the elements of a prima facie case. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La. 1993). A "prima facie case" is established when the plaintiff proves the essential allegations of the petition, with competent evidence, to the same extent as if the allegations had been specifically denied. C.L. Morris v. Southern American Insurance Company, 550 So.2d 828 (La.App. 2d Cir. 1989).
On appeal, Peters raises several arguments challenging the jurisdiction of the trial court over him and over the subject matter of this dispute. We find these arguments to be without merit. The district court is a court of general jurisdiction. Suits on open account clearly fall within this jurisdiction, and service of process was accomplished upon the defendant in accordance with the law. Defendant's pleading did not amount to an answer in that it did not fulfill the requirements of La. C.C.P. arts. 1003 and 1004 and did not contain any order with regard to his request for additional time to answer. The trial court is not required to allow a defendant additional time to answer. La. C.C.P. art. 1001.
Likewise, there is no merit to defendant's argument that he was entitled to a hearing prior to the rendition of judgment. La. C.C.P. art. 1702(C) explicitly allows a default matter to proceed without a hearing. Further, Peters' complaint that DFS had no standing is without merit; the petition referred to DFS as the agent of Discover Bank and Peters did not challenge the authority of DFS with a timely exception. See La. C.C.P. art. 700. Finally, plaintiff had the right to bring this suit in Louisiana notwithstanding the absence of a license for Discover Bank or DFS to do business in Louisiana. See La. R.S. 12:302(G).
Although this point was not argued, we note that the certificate by the Clerk of Court was not signed. In Ruston State Bank & Trust Co. v. Streeter, 545 So.2d 1255 (La.App. 2d Cir.1989), this court affirmed a default judgment which failed to contain mandatory certifications when the attorney offered the entire record of the proceedings as the evidence in support of the judgment. In Ruston State Bank & Trust Co., 545 So.2d at 1258, this court said, "Each element of proof necessary to meet the codal requirements for confirming a default judgment without a hearing is contained in the record ... [T]he fact that plaintiff's counsel submitted the evidence in this manner rather than separately certifying the facts which constitute the necessary evidence and attaching these documents to the motion for confirmation is of no moment."
The record is a part of the proceedings, and it is not necessary for an attorney to specifically state that it is offered into evidence. We can see from the record that what defendant filed was not an answer. Further, there was no misunderstanding as defendant received a letter by certified mail from plaintiff's attorney explaining that a preliminary default was entered and that a confirmation of that default would follow. Plaintiff waited an appropriate and discreet time before proceeding with a confirmation of the default.[2]
AFFIRMED.
NOTES
[1] Named as petitioner was Discover Bank f/k/a Greenwood Trust Company, Issuer of the Private Issue Card ("Discover Bank"), by its servicing agent, Discover Financial Services, Inc. ("DFS").
[2] We reject the contrary view expressed by the court in Lonergan v. Metlife, 98-767 (La. 5th Cir.02/10/99), 729 So.2d 81.