991 So.2d 1086 (2008)
Walter McCANN
v.
Patrick K. ANDERSON, Sr.
No. 2007 CA 1378.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
*1087 Michael A. Crawford, Taylor, Porter, Brooks, & Phillips, L.L.P., Baton Rouge, LA, for Plaintiff-Appellee, Walter L. McCann.
Mark D. Plaisance, Baker, LA, for Defendant-Appellant, Patrick K. Anderson, Sr.
Before PARRO, KUHN, and DOWNING, JJ.
PARRO, J.
Patrick K. Anderson, Sr. (Anderson) appeals a default judgment taken against him by Walter L. McCann (McCann) in a suit for breach of a lease, breach of contract, and damages. For reasons that follow, we affirm the trial court's confirmation of the default judgment.

Factual and Procedural Background
On November 29, 2005, McCann filed a suit against Anderson for sums due under a terminated lease and contract, as well as damages. Attached to the petition as exhibits were the following:
1. A contract of lease for a term of 36 months dated April 6, 2004, between McCann and Anderson.
2. A "contract" dated June 10, 2004, in which McCann agreed to advance Anderson $80,000 for the purpose of remodeling the leased premises and Anderson agreed to an increase in his monthly rental payments.
3. A notice of default of the lease and contract from counsel for McCann to Anderson dated July 8, 2005.
4. A judgment of eviction of the leased premises dated September 27, 2005, which judgment was rendered in suit number 534,964.
5. An eviction warrant issued by the district court on October 6, 2005.
After being unable to serve Anderson through the sheriff and a court-appointed private process server, McCann filed an ex parte motion to appoint an attorney to represent Anderson as an absentee. On December 1, 2006, the trial court appointed *1088 Sonya Hall (Hall) as Anderson's attorney in accordance with LSA-C.C.P. art. 5091, and the petition was personally served on Hall on December 12, 2006. When no answer by Hall on Anderson's behalf was forthcoming, McCann moved for a preliminary default on January 24, 2007, which was entered on January 29, 2007.
Shortly thereafter, Hall filed a motion and order to disburse the curator fee and expenses based on her affidavit that she had fully discharged her duties under the appointment. The trial court signed an order on February 14, 2007, fixing Hall's fee at $375 as full payment of her services, together with $110.61 in reimbursed expenses.
Subsequently, on March 7, 2007, based on the documentary evidence offered, the default judgment was confirmed in favor of McCann, ordering Anderson to pay $25,200 in past due rents, together with $4,512.60 in accrued interest, a $1,008 late fee, and future interest; $50,400 due under the contract; $8,360.50 in court costs and expenses related to the eviction proceeding; $98,000 in stipulated damages under the lease; and $22,430.75 in attorney fees. Anderson appealed, challenging the validity of the judgment in light of McCann's failure to file an executed certificate by the clerk of court verifying that no answer or other opposition had been filed by Anderson and Hall's failure to file an answer on his behalf as required by LSA-C.C.P. art. 5095.

Discussion
The procedure for obtaining a default judgment without a hearing is set forth in LSA-C.C.P. arts. 1701, 1702, and 1702.1. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes. LSA-C.C.P. art. 1701(A). A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default. LSA-C.C.P. art. 1702(A). When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment. LSA-C.C.P. art. 1702(B)(1). In those proceedings in which the sum due is on a conventional obligation, a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall certify that no answer or other pleading has been filed by the defendant. The minute clerk shall make an entry showing the dates of receipt of proof, review of the record, and rendition of the judgment. A certified copy of the signed judgment shall be sent to the plaintiff by the clerk of court. LSA-C.C.P. art. 1702(C).
When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall *1089 include in an itemized form with the motion and judgment a certification that the suit is on a conventional obligation and that the necessary items of proof required by law are attached. See LSA-C.C.P. art. 1702.1(A). The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed. LSA-C.C.P. art. 1702.1(B).
On appeal, Anderson does not challenge the trial court's determination that McCann had offered proof of the conventional obligation sufficient to establish a prima facie case. See LSA-C.C.P. art. 1702(B)(1). Instead, his attack on the validity of the confirmation of the default judgment is based on McCann's alleged non-compliance with LSA-C.C.P. arts. 1702(C) and 1702.1(B), as well as Hall's alleged non-compliance with LSA-C.C.P. art. 5095.
The record in this matter contains an "Attorney's Certificate" that was signed by counsel for McCann. As required by LSA-C.C.P. art. 1702.1(A), McCann's counsel certified that the suit was on a conventional obligation and attached the necessary exhibits to support proof of the demand sufficient to establish a prima facie case. The attorney's certificate further indicated the type of service made on the defendant, the date of service, and the date a preliminary default was entered. See LSA-C.C.P. art. 1702.1(B). Also attached to the "Attorney's Certificate" was a "Clerk's Certificate" that provided:
I certify that I have, this date, examined the record in the above entitled matter and no answer or other opposition filed by Patrick K. Anderson, Sr. appears herein.
Baton Rouge, Louisiana, this ____ day of ______, 2007, at ____ o'clock __.M.
The spaces were not completed nor was the clerk's certificate signed by the clerk of court. Therefore, the certification requirements by the clerk of court set forth in LSA-C.C.P. arts. 1702(C) and 1702.1(B) were not complied with.
There is a presumption that a default judgment is supported by sufficient evidence, but this presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993). Louisiana Code of Civil Procedure art. 1702.1 sets forth a procedure in which a plaintiff is able to confirm a default judgment without a hearing, provided certain mandatory certifications and proof are present. See Session & Fishman, 616 So.2d at 1260. In this case, a completed certificate signed by the clerk of court was missing. Therefore, the "presumption" noted above did not attach; however this does not end our inquiry.
The requirement of providing a certification by the clerk of court that no answer or other opposition has been filed by the defendant did not change the prima facie proof required to confirm a default judgment. See Session & Fishman, 616 So.2d at 1260. To hold otherwise would lead to the absurd consequence that a confirmation of a default judgment taken without a hearing would require more proof than a confirmation obtained after a hearing. In both procedures, the court has the ultimate obligation to review the record to ascertain that a confirmation of the default judgment is warranted. If the plaintiff fails to meet all of the requirements set forth in LSA-C.C.P. art. 1702 or 1702.1, then the court has the option to reject *1090 consideration of the submittal of the request for confirmation or it may review the record to be certain that confirmation is warranted.
A review of the record in this case clearly showed that the defendant, Anderson, did not file an answer or any other opposition prior to the confirmation of the default judgment.[1] Therefore, under the facts of this case, McCann's failure to obtain the clerk of court's signature on the certificate in question does not render the confirmation of the default judgment obtained by McCann invalid.[2]
Anderson also challenges the validity of the confirmation of the default judgment based on Hall's failure to file an answer on his behalf. Concerning an appointed counsel's duty to an absentee, LSA-C.C.P. art. 5095 provides:
The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.
Except in an executory proceeding, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.
Pursuant to LSA-C.C.P. art. 5095, Hall, at a minimum, was required to file an answer on Anderson's behalf in time to prevent a default judgment in this case. However, LSA-C.C.P. art. 5098 provides:[3]
The failure of an attorney appointed by the court to represent an unrepresented party to perform any duty imposed upon him by, or the violation by any person of, the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, judgment, seizure, or judicial sale of any property in the action or proceeding, or in connection therewith.
For a wilful violation of any provision of Articles 5092 through 5096 an attorney at law subjects himself to punishment for contempt of court, and such further disciplinary action as is provided by law.
In Louisiana, we must give effect to legislation that is clear and unambiguous where its application does not lead to absurd consequences. See LSA-C.C. art. 9. According to LSA-C.C.P. art. 5098, Hall's failure to perform her duties under LSA-C.C.P. art. 5095 did not affect the validity of the confirmation of the default judgment *1091 that was obtained by McCann in this case. Therefore, Anderson's argument to the contrary lacks merit.

Decree
For the foregoing reasons, we affirm the confirmation of the default judgment. Costs of this appeal are assessed to Patrick K. Anderson, Sr.
AFFIRMED.
NOTES
[1] This fact has not been challenged by Anderson.
[2] In Discover Bank v. Peters, 38,366 (La.App. 2nd Cir.4/14/04), 870 So.2d 602, 606, the court addressed the validity of a confirmation of a default judgment where the certificate by the clerk of court, averring that no answer, exception, or opposition had been filed, had not been signed. In Discover Bank, the court found that an unsigned certificate by the clerk of court did not render the confirmation of the default judgment invalid since it was dear from the record that the debtor had not filed an answer. Like the second circuit, we reject the contrary view expressed by the court in Lonergan v. Metlife, 98-767 (La.App. 5th Cir.2/10/99), 729 So.2d 81, 82-83, as well as the courts in John Guidry Const. Co., Inc. v. Rivertown Properties, Inc., 517 So.2d 853, 855 (La.App. 3rd Cir.1987), and American Tempering, Inc. v. Crasto Glass and Mirror Co., Inc., 487 So.2d 116, 117 (La.App. 4th Cir.1986).
[3] Notably, Article 5098 has been in existence since 1960, despite the erroneous statements by both parties in their briefs that the article was not added until 1998.