NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-94

LOUISIANA CRANE CO.

VERSUS

QUALITY CONTRACT SERVICES, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 08-3730
HONORABLE TODD S. CLEMONS, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

AFFIRMED.

John Michael Veron
Alonzo P. Wilson
Bice, Palermo & Veron
P. O. Box 2125
Lake Charles, LA 70602-2125
(337) 310-1600
Counsel for Defendant/Appellant:
Quality Contract Services, Inc.

**Terry Thibodeaux**
**Frohn & Thibodeaux**
**P. O. Box 2090**
**Lake Charles, LA 70602-2001**
**(337) 433-5523**
**Counsel for Plaintiff/Appellee:**
**Louisiana Crane Company**

**EZELL, JUDGE.**

Quality Contract Services, Inc., (Quality) appeals the trial court's decision awarding Louisiana Crane Company (LCC) attorney fees for work done on a suit on an open account. For the following reasons, we affirm the decision of the trial court.

LCC filed suit against Quality to collect on an unpaid open account in the amount of $482,106.44. LCC's petition prayed for attorney fees in accordance with La.R.S. 9:2781. Quality was served the petition on August 1, 2008, but did not answer. A preliminary default was entered against it on September 8, 2008. A hearing was held on September 17, 2008, to confirm the default where testimony and evidence were submitted. Included in this evidence were daily work tickets, each reading that any amounts not paid within thirty days were subject to an eighteen percent annual service charge and twenty-five percent attorney fees. The trial court confirmed the default and awarded LCC $482,106.44 and $23,381.88 in attorney fees. From that decision, Quality appeals.

Quality does not challenge the granting of the default judgment nor the award for the past due amount $482,106.88. Quality asserts only one assignment of error on appeal, that the trial court erred in awarding attorney fees without evidence of the work performed or without the certification requirements of La.Code Civ.P. art. 1702.1.

We will first address Quality's claim regarding the certification requirements of La.Code Civ.P. Article 1702.1. Louisiana Code of Civil Procedure art. 1702.1 sets forth a procedure in which a plaintiff is able to confirm a default judgment without a hearing, provided certain mandatory certifications and proof are present. *See Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254 (La.1993); *McCann v. Anderson*, 07-1378 (La.App. 1 Cir. 6/6/08), 991 So.2d 1086; In this matter, a hearing

1

was held to confirm the default judgment wherein evidence was introduced in open court. The certification required by Article 1702.1 is therefore not required in this matter, as it would be unnecessarily redundant.

Attorney fees may be awarded on a suit on an open account provided that the plaintiff complies with the requirements of La.R.S. 9:2781. That statute provides in pertinent part:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

Again, Quality does not dispute service of the petition or the granting of the default. Demand was sent and received, and payment was not remitted within thirty days of demand. It is clear that LCC is owed attorney fees in this matter. It is mainly the amount of the award challenged by Quality. Quality asserts that the record does not support the award of $23,381.88, or twenty-five percent of the total amount that went unpaid by Quality. We disagree.

The amount of an award of reasonable attorney fees in a suit on open account is left to the sound discretion of the trial judge and should not be disturbed absent a showing of an abuse of discretion. *Metro. Reporters, Inc. v. Avery,* 95-504 (La.App. 5 Cir. 11/28/95), 665 So.2d 547. "A court does not have to hear evidence concerning time spent or hourly rates charged in order to make an award since the record will reflect much of the services rendered." *Matter of Andras,* 410 So.2d 328, 331 (La.App. 4 Cir. 1982). Factors to be considered in determining the reasonableness

2

of attorney fees include:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*State, Dep't. of Transp. & Dev. v. Williamson*, 597 So.2d 439, 442 (La.1992). It is clear that LCC obtained a favorable result in a case involving a large sum of money. Additionally, plaintiffs who have prevailed in their actions on an open account have frequently been found to be entitled to an allowance of twenty-five percent for attorney fees pursuant to La.R.S. 9:2781. *See Metropolitan Reporters, Inc. v. Avery*, 95-504 (La.App. 5 Cir. 11/28/95), 665 So.2d 547; *Hoskins v. Ziegler*, 506 So.2d 146 (La.App. 4 Cir.), *writ denied,* 512 So.2d 460 (La.1987); *Cardinal Wholesale Supply, Inc. v. Rainbow Floor Covering, Inc.*, 432 So.2d 419 (La.App. 1 Cir.1983).

Moreover, it is settled law that "[a]greements have the effect of law between the parties, and the courts are bound to give effect to all such contracts according to the true intent of the parties." *Green v. TACA Intern. Airlines*, 304 So.2d 357, 361 (La.1974). Thus, the rental agreements entered into by Quality and LCC govern the disposition of this dispute. The record clearly shows daily work tickets that categorically address the issue of attorney fees under the factual circumstances of this case. Each work order states that amounts not paid within thirty days would be subject to twenty-five percent attorney fees. These work orders were those for the Quality job performed by LCC according to project manager Murray Loreman and were signed by Quality employees.[1] Quality was aware of the amounts it owed as well as the amount of attorney fees it would be charged when it failed to make timely

---

[1]Quality asserts in brief that these orders were signed by an unknown person. The signatures are legible, and if the signers were truly not employees of Quality, it assuredly would be challenging the default and the greater award, rather than merely the attorney fees.

payment.  We can find no abuse of discretion in the trial court's award.

For the above reasons, we hereby affirm the decision of the trial court.  Costs of this appeal are assessed against Quality Contract Services, Inc.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3 Uniform Rules, Court of Appeals.