I Judge EDWIN A. LOMBARD.
RELEVANT FACTS AND PROCEDURAL HISTORY
This suit arises out of a lease contract between the State of Louisiana through the Department of Social Services (DSS) and Baha Towers Limited Partnership (BTLP). In May 1998, DSS entered into a lease with BTLP, the owners of the “Plaza Tower” office building located at 1001 Howard Avenue. The term of the lease was from November 1998 until November 2003. On November 16, 2001, Director of Facility Planning and Control, Roger Ma-gendie, gave notice of cancellation to lessor of Plaza Tower. DSS vacated the premises in February 2002.
DSS, with the approval of the Division of Administration (DOA), terminated their lease because the building owners were in violation of the fire code, asbestos regulations and also because chronic water leaks in the building permitted mold to grow in leased office space.
On November 20, 2002, DSS instituted suit against BTLP for the return of rent payments made after DSS vacated the building in response to an eviction |2notice and for damages caused by water leaks in the building. Defendants reconvened against the State and filed a third-party complaint against the DOA and two DOA employees. The third-party demand, filed on February 28, 2003, is the subject of this appeal.
On July 29, 2003, the DOA, and state employees, Sharon Reed and Roger Ma-gendie, filed a Dilatory Exception of Prematurity to these claims asserting that the defendant’s administrative appeal, filed on April 8, 2003, had not concluded, therefore *20 the action was premature. The trial court granted the state’s exception.
On August 8, 2003, Commissioner of Administration Mark C. Drennan, acting on administrative appeal, found that cancellation of the lease was reasonable. He found that the “emergency” procurement, securing alternative space, was reasonable; and, the procedures followed by Sharon Reed and Roger Magendie complied with the statutory guidelines. He also found that the negotiations between the Office of Facilities Corporation and owners of alternative office space did not circumvent the procurement code.
On October 6, 2003, NOOB I, LP filed suit against DSS in the 19th Judicial District Court for the Parish of East Baton Rouge pursuant to 1691(C) of the Procurement Code alleging a cause of action based upon efforts to “circumvent the Louisiana Procurement Code” and seeking a “loss of rental payments due under the lease, past, present and future.”
I «LAW AND DISCUSSION
Appellate review of questions of law is simply a review of whether the trial court was legally correct or legally incorrect. O’Niell v. Louisiana Power & Light Company, 558 So.2d 1235, 1238 (La.App. 1 Cir.1990).
The exception raising the objection of prematurity may be utilized in cases where the applicable law or contract has provided a procedure for a claimant to seek administrative relief before resorting to judicial action. See Jones v. Crow, 633 So.2d 247, 249 (La.App. 1 Cir.1993). Generally, the person aggrieved by an action must exhaust all such administrative remedies before being entitled to judicial review. Id.
Appellant argues that the trial court erred in sustaining third-party defendant’s exception of prematurity based on La. R.S. 39:1673, which provides in part:
This Section applies to controversies between the State and a contractor and which arise under or by virtue of a contract between them. This includes without limitation controversies based upon breach of contract, mistake, misrepresentation, or other cause for contract modification or rescission. Any contractor who seeks a remedy with regard to such controversy shall file a complaint with the chief procurement officer.
The statutes provide that any person not satisfied with the decision shall seek further redress with the commissioner of administration in accordance with La. R.S. 39:1685. The decision rendered by the commissioner of administration shall be final and binding between the state and the contractor unless the contractor timely institutes a petition for review in the only venue available to the statute, the 19th Judicial District Court. La. R.S. 39:1691(c).
|4We find that Appellant’s claims against the State of Louisiana through the Division of Administration, Sharon Reed, and Roger Magendie arise by virtue of the contract between the State and Appellant. At the time the suit was filed, the administrative process remained unfinished. Initiation of any litigation prior to conclusion of the administrative process was premature.
Accordingly, the trial court’s ruling is affirmed.
AFFIRMED.
LOVE, J., concurs with reasons.