SAMUEL, Judge.
This is a suit for nullity of a default judgment obtained in the district court by the present defendant, Mrs. Melinda Quincy, individually and on behalf of her two minor children, against the present plaintiff, Charles Anderson. After a trial on the merits there was judgment in favor of defendant and against the plaintiff, dismissing the latter’s demand for nullity. Plaintiff has appealed from that judgment.
The record reveals the prior suit was filed by the present defendant for damages allegedly sustained by herself and her two children as a result of an automobile accident. In due course the default judgment was obtained on December 2, 1969. Apparently because it was based on a sheriff’s return showing personal service on Mr. Anderson, no notice of the signing of the judgment was issued or served.
During May of 1970 execution of the judgment was sought under a writ of fieri facias. Thereafter, on May 15, 1970, Mr. Anderson applied for a new trial and in-junctive relief contending there had been no service of citation and petition. After a hearing thereon, the application and the request for injunctive relief were denied. The present suit for nullity also is based on the allegation that no personal *519 service was made on Anderson and that he has never been served with a notice of judgment.
Only three witnesses testified during the trial of this suit for nullity: Anderson, his wife and his wife’s mother. Relative to service in the damage suit, they testified: no personal service had been made on Anderson ; the deputy sheriff made the service but only on the mother-in-law, who resided in the Anderson home as a member of that domiciliary establishment, was unable to read or write, and who customarily placed mail and other papers received by her on the dresser in her bedroom because of the presence of nine Anderson children, the eldest of whom was fourteen years of age; the mother-in-law had misplaced the citation and petition; and those documents had been found behind the dresser in her bedroom during a search begun after the issuance of the writ of fieri facias. .
Although the deputy sheriff who made the return of the service in the damage suit did not testify during the trial of this suit for nullity, the record contains an admission by Mr. Anderson that at the hearing on the application for a new trial in the former the deputy had testified he had made a personal service. Mrs. Quincy offered no evidence other than the deputy’s return showing personal service.
The trial court found that, viewing the evidence in the manner most favorable to plaintiff, there had been a valid domiciliary service sufficient to support the default judgment.[1]
In this court Mr. Anderson now concedes there was a valid domiciliary service made on his mother-in-law. His sole contention is that the failure to serve a notice of the signing of the default judgment as required by LSA-C.C.P. Art. 1913[2] renders that judgment null. The contention is without merit.
The contention is not included in any of the grounds for nullity provided in LSA-C.C.P. Arts. 2002 through 2006.[3] Failure to serve notice of judgment does affect the length of the delay within which a new trial can be applied for and the time within which an appeal can be taken.[4] However, failure to serve notice of the signing of an otherwise valid default judgment against a defendant on whom a proper domiciliary service of process has been made does not have the retroactive effect of changing such a judgment into one which is null.
We are aware of problems presented in the damage suit, such as the effect of the application for a new trial upon the running of the time for applying for a new trial or taking an appeal. But as this is an appeal only from the judgment in the action for nullity, and not an appeal from the default judgment in the damage suit, those questions are not before us, and therefore cannot be considered, at this time.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. LSA-C.C.P. Arts. 1231 and 1234.

. In pertinent part LSA-C.C.P. Art. 1913 provides:
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.”

. We note that the complaint here does not come under LSA-C.C.P. Art. 2002(2), which provides that a final judgment shall be annulled if it is rendered “Against a defendant who has not been served with ■ process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken ; . . . ” Here there was a proper service and a valid default judgment based on that service.

.LSA-C.C.P. Arts. 1974, 2087 and 2123, providing the delay for applying for a new trial does not commence to run until after service of notice of judgment when such service is required. New trial and the delay for applying therefor, of course, are basic in determining when appeal time begins to run.