545 So.2d 1255 (1989)
RUSTON STATE BANK & TRUST COMPANY, Appellee,
v.
James E. STREETER, Appellant.
No. 20591-CA.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1989.
*1256 Blaine Adkins, Monroe, La., for appellant.
Napper, Waltman, Madden & Rogers by Thomas W. Rogers, Ruston, La., for appellee.
Before MARVIN, FRED W. JONES, Jr., and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
Defendant Streeter appealed from a default judgment rendered against him in a suit on a promissory note.
On April 12, 1988, Ruston State Bank & Trust Company instituted proceedings against James E. Streeter for sums allegedly due on a promissory note. Plaintiff's petition alleged that Ruston State Bank *1257 was the holder of a promissory note executed by defendant; that the note was past due and unpaid since October 23, 1987; and that the principal balance due as of March 30, 1988 was $14,348.51. Plaintiff attached the following exhibits to the petition: the original promissory note; an affidavit of J.D. Holland, a bank representative, verifying that defendant's account was past due and unpaid since October 23, 1987 and that the balance due as of March 30, 1988 was $14,348.51; and a statement of defendant's account, reflecting the original amount of the note, payments and credits made, and the amount of the unpaid balance. Defendant was personally served on June 17, 1988, as evidenced by the sheriff's return filed in the record.
Defendant failed to answer, and a preliminary default was entered against him on July 6, 1988. On July 11, 1988, plaintiff filed a motion for confirmation of the default judgment. Attached to this motion were the original and two copies of the proposed final judgment and a certification by the Clerk of Court that no answer or other pleading had been filed by defendant. In addition, the entire record of these proceedings was made a part of the motion.
On July 12, 1988, after reviewing the record, the trial court rendered judgment confirming the default and ordering defendant to pay to plaintiff the sum of $14,348.51, with interest from October 23, 1987 until paid, at the rate of 8% per annum, together with an attorney fee of 25% on the principal and interest, as provided for in the note, and all costs of these proceedings. There was no hearing in open court or appearance by plaintiff's counsel.
Defendant assigns the following errors on appeal:
1) The trial court erred by granting judgment without a hearing because plaintiff failed to comply with the requirements, set forth in La.C.C.P. Arts. 1702(C) and 1702.1, for confirming a default without a hearing in open court when the suit is on a promissory note or other negotiable instrument or an open account;
2) The trial court erred by granting judgment because the proof presented by plaintiff was insufficient to support a default judgment; and
3) The trial court erred by setting an unreasonable attorney fee.
Validity of Default Judgment
Confirmation of default judgments is governed by Code of Civil Procedure Article 1702. That article provides, in pertinent part, as follows:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.
C. In those proceedings in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation... a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held. The plaintiff shall submit to the court the proof required by law and the original and not less than one copy of the proposed final judgment. The judge shall, within seventy-two hours of receipt of such submission from the clerk of court, sign the judgment or direct that a hearing be held. The clerk of court shall *1258 certify that no answer or other pleading has been filed by the defendant....
Article 1702.1 sets forth additional requirements for confirming a default judgment without a hearing in open court. That article provides, in pertinent part, as follows:
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account, promissory note, or other negotiable instrument or on a conventional obligation and that the necessary invoices and affidavit or note and affidavit are attached....
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
Defendant first contends that plaintiff did not comply with the mandatory certification procedures of article 1702.1. In particular, he claims that plaintiff's motion for confirmation of default did not contain a certification that the suit is one on a promissory note and that the necessary note is attached or is in the record; an indication of the type and date of service made upon the defendant; and a certification by the Clerk that the record was examined and the date it was examined.
In support of this position, defendant cites jurisprudence holding that the lack of strict compliance with the articles governing default judgments is fatal to the confirmation of a default judgment.
Plaintiff maintains that the motion for confirmation of the default judgment, which incorporates by reference the entire record of these proceedings, constitutes compliance with the articles. We agree. Each element of proof necessary to meet the codal requirements for confirming a default judgment without a hearing is contained in the record, and the minutes of court reflect that the trial judge reviewed the record evidence before rendering judgment. The fact that plaintiff's counsel submitted the evidence in this manner rather than separately certifying the facts which constitute the necessary evidence and attaching these documents to the motion for confirmation is of no moment. The cases cited by defendant involve situations in which the required proof was simply not submitted. Therefore, this contention is without merit.
Defendant also attacks the sufficiency of plaintiff's affidavit of correctness, and claims plaintiff failed to present proof sufficient to establish a prima facie case and justify a default judgment. The affidavit is claimed to be inadequate because it contains no declaration that the Bank is the holder of the note and no identification of the Bank as plaintiff in these proceedings; no identification of the type of "account" to which it refers; and no indication of affiant's relationship with the Bank. Defendant further complains that the affidavit does not declare that affiant is familiar with the "account" referred to, has any personal knowledge of the facts recited therein, or is authorized to execute the affidavit for the Bank.
A judgment by default must be confirmed by proof of the demand sufficient to establish a prima facie case. Plaintiff must prove the essential elements of the claim by competent evidence, with legal certainty, as fully as though each allegation was specifically denied by the defendant. La.C.C.P. Art. 1702(A); Howery v. Linton, 452 So.2d 295 (La.App. 2nd Cir. 1984); Brown v. Tinsley, 433 So.2d 305 (1st Cir.1983). In order to obtain a reversal of a default judgment or a remand, a defendant must overcome the presumption that the judgment has been rendered on sufficient evidence and that it is correct. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972); C & V Gravel, Inc. v. Maco Const. Corp., 465 So.2d 938 (La.App. 2nd Cir.1985).
*1259 Defendant has not met his burden of overcoming this presumption. A review of the record clearly reveals that all the competent evidence necessary to prove plaintiff's claim was presented. Moreover, the omissions complained of by plaintiff in the affidavit of correctness do not render that document defective. Most of the information defendant claims is missing can be found in plaintiff's petition, which is a part of the record on appeal, or elsewhere in the record. Furthermore, as a representative of the Bank, Holland was clearly in a position to have access to information about defendant's account. The failure of the affiant to specifically state that he was familiar with the defendant's account does not constitute a defect in the affidavit of correctness. Ecrevisse Acadienne v. C & C Seafood, 523 So.2d 288 (La.App. 3rd Cir. 1988), writ denied, 530 So.2d 571 (La.1988). Therefore, defendant's second assignment of error is also without merit.
Attorney Fee
Finally, defendant claims the 25% attorney fee, provided for in the note, is excessive. In the event we find the fee unreasonable, plaintiff urges a remand for the purpose of taking additional evidence on the reasonableness of the fee.
It is expressly within the province of appellate courts to scrutinize and regulate attorney-client relations and prevent the imposition of unjust fees. Title 37, Chapter 4 App., La.Rules of Professional Conduct (1987), Rule 1.5; La. Const. Art. 5, § 5(B); Fowler v. Jordan, 430 So.2d 711 (La.App. 2nd Cir.1983). A stipulation in a note or other written agreement for a specified attorney fee does not preclude inquiry by courts into the reasonableness of the fee. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). Moreover, appellate courts have authority, in the interest of justice, to remand a case for an evidentiary hearing on the issue of attorney fees, where the record is not sufficient to justify the fee awarded, but all available evidence to justify the fee has not been placed in the record. La.C.C.P. Art. 2164; Richard v. Broussard, 482 So.2d 729 (La.App. 1st Cir. 1985), affirmed, 495 So.2d 1291 (La.1986).
This is the situation here. A fee of almost $3600 (25% of $14,348.51) for this relatively simple case may be excessive. However, the record contains no indication that evidence was heard on this issue. Therefore, pursuant to the authority vested in us by La.C.C.P. Art. 2164, we REMAND this case to the district court for the purpose of taking additional evidence on the issue of the reasonableness of the attorney fee. In this regard, we instruct the trial judge to take into consideration the factors enumerated in the Rules of Professional Conduct. In all other respects, the judgment of the trial court is AFFIRMED. Cost of appeal is assessed one-half to appellant and one-half to appellee.
AFFIRM IN PART AND REMAND.