BAILES, Judge, Pro Tem.
This appeal is from a personal judgment rendered in an in rem action, and the award of twenty-five (25) per cent attorney fees on the total amount of the judgment.
Plaintiff-appellee brought suit against defendant-appellant seeking a money judgment against the latter on a promissory note, interest, late charges, insurance premiums paid, and attorney fees secured by a special mortgage on certain immovables si-utated in Ouachita Parish, Louisiana. Plaintiff alleges defendant was an absentee from the state for whom a curator ad hoc should be appointed. Subsequently, a supplemental and amended petition was filed wherein a writ of attachment was sought *690 and issued on the ground that defendant was a non-resident and absentee.
On October 18, 1989, a motion for summary judgment was filed by plaintiff. Therein the plaintiff expressly sought an in rem judgment. Hearing on the motion was set for November 20, 1989. Following the hearing, a judgment approved as to form by both plaintiff’s counsel and the curator ad hoc, was tendered to the court for signing. This judgment, prepared by plaintiffs counsel and signed by the court, was a personal judgment. It is obvious that the judgment was inadvertently prepared by counsel and signed by the court as a personal judgment. The judgment rendered against the defendant awarded the plaintiff the principal sum of $141,974.67, interest through May 6, 1988 in the amount of $8,289.23, together with interest at the rate of 10.5 per cent per annum until paid, late charges of $50.00, $6.600.00 for insurance premium advances made by plaintiff, plus attorney fees of 25 per cent of all sums awarded, less credit for a payment of $11,-294.88 made by defendant on August 16, 1988. Additionally, there was recognition of plaintiffs mortgage and the privilege arising from the attachment of said property.
Subsequent to the rendition of the judgment there was filed a second supplemental and amended petition and other pleadings none of which had any bearing on the judgment theretofore rendered.
On January 26, 1990, defendant was granted an appeal from the November 20, 1989 judgment.
In this appeal, the defendant relies on two specifications of error:
1. The award of a personal judgment was erroneous; and
2. The award of 25% attorney fees was excessive.
Within the context of this case, it was not the intention of the parties, nor the court, for a personal judgment to be rendered against this defendant. The original petition alleges the defendant was a nonresident or an absentee; it sought and obtained the appointment of a curator ad hoc, and in the first supplemental and amended petition, a writ of attachment was obtained on the ground that the defendant was a non-resident or absentee, and in the motion for summary judgment it was expressly alleged that an in rem judgment should obtain. None of the statutory requirements for establishing personal jurisdiction over the defendant was observed, and none was attempted nor intended. Therefore, the judgment must be amended to an in rem judgment.
On the issue of reasonableness of the 25 per cent attorney fees, there is no evidence before us frm which we can make a determination. We must remand to the district court for an evidentiary hearing to measure the reasonableness of the fee. See: Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982), and Ruston State Bank & Trust Company v. Streeter, 545 So.2d 1255 (La.App. 2 Cir.1989).
Accordingly for the foregoing reasons, there is judgment herein amending the personal judgment rendered by the district court to an in rem judgment, and the determination of the reasonableness of the attorney fees is remanded to the district court for an evidentiary hearing and ruling thereon.
AMENDED IN PART, AND REMANDED.