CHARLES R. JONES, Chief Judge.
_JjThe Appellants, The Commons Condominiums, LLC, The Commons Condominium Association, Inc., and Time Share Construction, LLC, seek review of the judgment of the district court denying their motion for new trial.[1] Finding that the district court did not err in denying the motion for new trial, we affirm the judgment of the district court. Furthermore, the peremptory exceptions of no right or cause of action, or in the alternative, peremptory exception of nonjoinder of indispensable parties of the Appellants, are denied. Lastly, the motion to dismiss the exceptions of the Appellee, The Habitat, Inc., is denied as moot.[2]
The Commons Condominiums, LLC, (“the CC”) owned a condominium building in Orleans Parish, wherein The Habitat, Inc. (“The Habitat”), owned condominium unit D. Condominium owners within said building were members of The Commons Condominium Association, Inc. (“the Association”). The instant matter arises out of renovations that occurred within the condominium building ^allegedly at the direction of the CC and its contractor, Time Share Construction, LLC. (“Time Share”).
In April 2007, The Habitat filed its petition for damages against the Appellants asserting causes of action for damages to unit D, and for damages to The Habitat’s interest in the common elements and limited common elements within the condominium building. The Habitat pleaded the following facts:
1.) The CC was a developer that purchased the condominium building from The Habitat in October 2003 by Act of Credit Sale and Mortgage;
2.) After a condominium regime was established, the CC began to sell condominium units within the building;
3.) The CC agreed to convey to The Habitat a third floor unit, unit D, within the Act of Credit Sale. The CC subsequently entered into a building contract with Time Share;
4.) The CC and Time Share are related entities with similar or identical owners;
*1129 5.) Time Share was to demolish, renovate and construct a portion of the interior and exterior of the condominium building, and construct a penthouse, a pool and a terrace on the roof building for use by unit E of the condominium building;[3]
6.) In February 2006, The Habitat took possession of unit D and began renovating the unit. The renovations were completed in May 2006, at which time The Habitat began occupying the unit;
7.) After occupying unit D, The Habitat discovered that certain work completed by the CC and/or Time Share was defective, incomplete or completed in a shoddy fashion. Said defects caused damages to unit D, the common elements and limited common elements of the condominium building;
|¾8.) The work performed by the CC and/or Time Share caused and continues to cause damages to unit D, and to the common elements and limited common elements of the condominium building; and
9.) The Habitat further alleged that pursuant to the terms of the Public Offering Statement filed by the CC, the Board of Directors of the Association is still controlled exclusively by the CC because the CC still owns a unit in the condominium building.
In its suit against the Appellants, The Habitat raised claims of breach of fiduciary duty and breach of warranties to deliver unit D, the common elements and the limited common elements of the building free of vices and/or defects. The Habitat alleged that the CC is liable to The Habitat and the Association for damages to the units in the building, the limited common elements and to the common elements as a result of the work completed by the CC in unit D and on the roof. The Habitat further alleged that the CC is in default of its credit sale and mortgage agreement with The Habitat. Lastly, The Habitat averred that the Appellants were solidarily liable to The Habitat for damages to unit D and to the limited common elements and the common elements of the building.
Service of the petition and citation on the Appellants was made on Thomas B. Bowes, the registered agent for service of process for each individual entity, in July 2007. The Appellants did not file an answer to the petition; thus, The Habitat obtained a preliminary default judgment against the Appellants in February 2008, which was later confirmed in late March 2008.[4] Pursuant to the March 2008 judgment, The Habitat was awarded $517,576.52 in damages. The Appellants were |4neither served with notice of the preliminary default, nor with the confirmation of the default judgment. Subsequently, The Habitat filed an ex parte motion to amend judgment, which was granted by the district court. The judgment was amended to correct the spelling of the names of the Appellants in the caption and body of the judgment.
On May 3, 2011, counsel for the Appellants filed a motion to enroll and a request for notice of trial and judgments. On the same date, The Habitat filed two ex parte motions: a motion to supplement the record, and a motion for second amended judgment. The district court, on May 4, 2011, granted the motion to enroll of the *1130 Appellants, and granted the ex parte motion to supplement the record of The Habitat. The record was supplemented with a certificate required by La. C.C.P. art. 1702.1[5] for default judgments, and an affidavit of correctness that was executed by Gerald P. Webre, the director and president of The Habitat. In approximately mid-May of 2011, the district court granted the ex parte motion for second amended judgment of The Habitat. Thus, the confirmed default judgment | Bwas amended to include the date of the preliminary default “February 11, 2008”, and to remove wording that indicated that the default judgment confirmation hearing was conducted in open court.[6]
The Appellants also filed a motion for an expedited hearings [sic], and for expedited issuance of a notice of signing of judgment. While the district court denied the motion for expedited hearings, the court did order that the notices of signing of judgment for the confirmed default judgment, the amended judgment, and the second amended judgment be issued.
The Appellants also filed a motion to strike pleadings, and a motion to vacate orders granting the ex parte motions to supplement the record and motion for second amended judgment of the district court. The motions were deemed moot by the district court. Thereafter, the Appellants filed a motion for new trial, which the district court denied. The Appellants timely filed the instant appeal and raise five (5) assignments of error:
1. Whether the district court erred in rendering a judgment confirming the preliminary default on March 27, 2008, when The Habitat failed to prove a prima facie case;
2. Whether the district court erred in granting The Habitat’s Motion to Supplement the Record allowing The Habitat to cure a fatal defect by entering the certificate required by La. C.C.P. art. 1702.1, which was not filed when The Habitat sought to confirm the preliminary default;
3. Whether the district court erred in granting The Habitat’s Motion for Second Amended Judgment;
|fi4. Whether the district court erred in denying the Appellants’ Motion for New Trial; and
5. Whether The Habitat properly filed a derivative suit for damages to the *1131 common and limited common elements of the condominium building.
We note that in the motion for appeal of the Appellants, they state that they seek review of the judgment of the district court denying their motion for new trial; however, the assignments of error raised by the Appellants also indicate that they seek to challenge the original judgment of the district court which confirmed the default judgment. The denial of a motion for new trial is generally a non-appealable interlocutory judgment. Nevertheless, appellate courts may consider interlocutory judgments as part of an unrestricted appeal from a final judgment. See Miller v. Chicago Ins. Co., 320 So.2d 134, 136 (La.1975). In the matter sub judice, it is evident from the assignments of error raised by the Appellants that they also intended to appeal the judgment of the district court which confirmed the default judgment and its amendments. The Appellants neglected to declare that they also sought to appeal the original judgment of the district court which confirmed the default judgment in their motion for appeal. We will not dismiss this appeal for this technicality because the Louisiana Supreme Court has held that appeals are favored in the law and must be maintained wherever possible. See Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594 (La.1963).
In the first assignment of error, the Appellants argue that the district court erred in rendering a judgment confirming the preliminary default because The Habitat failed to prove a prima facie case. The Appellants argue that there were no 17contracts attached to The Habitat’s motion to confirm default judgment showing that the CC or Time Share contracted to perform any work for The Habitat on unit D, or on the common elements. The Appellants further argue that the contractual relationship between the Habitat and the Appellants was not established by sworn testimony. The Appellants lastly argue that the document submitted by Marc J. Dahlman, the construction expert of The Habitat, is not the sworn testimony of an expert.
The Habitat argues that the record illustrates that it introduced evidence sufficient to sustain its burden of proving a prima facie case on the claims raised, and that it fully complied with the requirements of articles 1702 and 1702.1, which are applicable to the confirmation of default judgments. The Habitat argues that pursuant to the requirement of art. 1702.1, it had a certification of counsel that verified that its claims against the Appellants arise out of a conventional obligation, indicated the date and type of service made on all the Appellants and the date the preliminary default was entered. It argues that the Clerk of the Civil District Court verified the certificate to confirm that the record had been examined and that no answer or other opposition had been filed in response to the Petition. Thus, its certificate met the requirements of 1702.1. The Habitat also argues that art. 1702 neither requires that The Habitat attach contracts to its motion to confirm nor have sworn testimony. The Habitat additionally argues that Mr. We-bre submitted a sworn affidavit wherein he attested to and itemized the damages The Habitat sustained or incurred as a result of the actions of the Appellants. Lastly, The Habitat argues that the district court initially denied its motion to confirm judgment of default finding that The Habitat submitted insufficient evidence to [^establish its prima facie case. Thus, The Habitat argues that the district court ensured that it proved its prima facie case before confirming the preliminary default.
The Louisiana Supreme Court has explained that the standard of review for *1132 default judgments is the manifest error standard:
[I]n reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Bordelon v. Sayer, 01-0717, p. 3 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, writ denied, 02-1009 (La.6/21/02), 819 So.2d 340. This determination is a factual one governed by the manifest error standard of review. Id.
Arias v. Stolthaven New Orleans, L.L.C., 08-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818. Our Court has further explained that:
“... the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits.” Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). The plaintiff must establish the elements of a prima facie case as fully as though each allegation in the petition had been denied. Orleans Sheet Metal Works and Roofing, Inc. v. Landis Company, Inc., 96-0029 (La.App. 4 Cir. 7/24/96), 678 So.2d 73, 74.
Garco, Inc. v. Rob’s Cleaning & Powerwash, Inc., 08-1249, p. 6 (La.App. 4 Cir. 4/22/09), 12 So.3d 386, 390, writ denied, 09-1114 (La.9/4/09), 17 So.3d 965.
The record before the Court shows that attached to the motion to confirm the default judgment was a spreadsheet itemizing the building construction costs incurred by The Habitat which totals $155,707.40, and the costs incurred by The Habitat for incomplete or defective construction and maintenance totaling $361,869.12. The spreadsheet indicates that the total amount of damages incurred |nby the Habitat is $517,576.52. The spreadsheet also refers to the credit sale and mortgage at issue between the parties as though it is an attachment. However, in the record before us, a copy of the credit sale and mortgage is not attached.[7] Also attached to the motion were the following: a letter sent from Mr. Dahlman to Mr. Webre; the curricula [sic] vitae of Mr. Dahlman; and the report of Mr. Dahlman. The report of Mr. Dahlman includes his assessment of invoices The Habitat paid for construction costs for the condominium building, and a line item breakdown of various damages within the condominium building including damages to the interior of unit D and the following common elements and limited common elements:
• roofing and roofing structure
• pool leaks & overflow
• termite infestation
• exterior completion
• garage completion
• hallways/stairways/entrance
• elevator
• plumbing and waste, and
• A/C Unit on Platform
The report also includes an assessment of future costs to repair defects and damages.
|1flThe Habitat averred that its demand against the Appellants was based on a conventional obligation. Pursuant to La. C.C.P. art. 1702(B)(1), when a plaintiff seeks to confirm a default judgment based on a conventional obligation, the affidavits and exhibits annexed to the demand that contain “facts sufficient to establish a pri-ma facie case shall be admissible, self-authenticating, and sufficient proof of such demand.” It is up to the discretion of the district court to determine whether additional evidence in the form of oral testimony is required before entering judgment. La. C.C.P. art. 1702(B)(1). We have recognized that sections (B)(1) and (2) of 1702 contain exceptions to the general rule of *1133 inadmissible evidence, including inadmissible hearsay rules. Goldfinch v. United Cabs, Inc., 08-1447, p. 5 (La.App. 4 Cir. 5/13/09), 13 So.3d 1173, 1178; Hall v. Folger Coffee Co., 02-0920, p. 13 (La.App. 4 Cir. 10/1/03), 857 So.2d 1234, 1244 writ denied, 03-1756 (La.10/17/03), 855 So.2d 762 and writ denied, 03-3416 (La.6/25/04), 876 So.2d 827. In the instant matter and under the less restrictive evidentiary standards of art. 1702, we do not find that the district court manifestly erred in granting the default judgment of The Habitat. This assignment of error is without merit.
We will address the second and third assignments of error of the Appellants together as these assignments both relate to the granting of ex parte motions of The Habitat by the district court. The second assignment of error of the Appellants raises the argument that the district court erred in granting The Habitat’s ex parie motion to supplement the record, thereby allowing The Habitat to cure a fatal defect in the confirmation of the default judgment. The Appellants argue that because The Habitat did not file the certificate as required by La. C.C.P. art. J_ul702.1, when it sought to confirm the preliminary default judgment, it was precluded from subsequently supplementing the record with the required certificate. The Appellants argue that the certificate mentioned in La. C.C.P. art. 1702.1 must be in the record at the time the default is confirmed in order for the judgment confirming the default to be rendered, and cannot be filed after the judgment confirming the default has been rendered.
A district court’s ruling on supplementing the record is reviewed under an abuse of discretion standard. St. Julian v. Wiltz, 09-323, p. 4 (La.App. 3 Cir. 10/7/09), 21 So.3d 449, 453.
Our Court has held that where a plaintiff has not filed an article 1702.1 certificate at all, the failure to file the certificate is fatal to the confirmation of the default judgment; however, our Court has never held that a record cannot be supplemented to include an article 1702.1 certificate prior to the confirmation of the default judgment being challenged. See Am. Tempering, Inc. v. Crasto Glass & Mirror Co., Inc., 487 So.2d 116, 117 (La.App. 4 Cir.1986). The failure of The Habitat to file its certification at the time it sought the confirmation of the preliminary default judgment may have been fatal to the confirmation of the default judgment if the Appellants had filed an answer or opposition prior to the confirmation of the default judgment. However, that is not what occurred in the instant matter as the Appellants waited four (4) years to make an appearance of record in this matter. Thus, we do find that the district court abused its discretion in granting the motion to supplement the record.
In their third assignment of error, the Appellants argue that the district court erred in granting the ex parte motion for second amended judgment of The Habitat |12in order to cure a fatal defect in the judgment of March 2008. As previously noted, in November 2008, the district court amended the confirmed default judgment. The Appellants argue that although The Habitat alleged in its motion that it sought to alter the “phraseology” of the judgment of default to show that the preliminary default was entered on February 11, 2008, and to delete all references to the hearing on the confirmation of the default judgment being held in open court, The Habitat actually sought to make substantive changes to the judgment that are not allowed under La. C.C.P. art. 1951.
“A decision of the district court to grant a Motion to Amend may not be disturbed absent an abuse of discretion.”
*1134 Patterson v. Fed Ex Ground Package Sys., Inc., 08-1297, p. 4 (La.App. 5 Cir. 3/24/09), 10 So.3d 794, 796; Roberts v. Murphy Oil Corp., 577 So.2d 308, 313 (La.App. 4 Cir.1991), writ denied, 580 So.2d 670 (La.1991) and writ denied, 580 So.2d 670 (La.1991) and writ denied, 580 So.2d 673 (La.1991). Furthermore, the First Circuit explained in Caldwell v. Leche, 08-0790, p. 6, n. 8 (La.App. 1 Cir. 9/23/08) 994 So.2d 679, 682, the definition of a substantive amendment:
A judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. But an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment.
Furthermore, “[t]he jurisprudence is replete with numerous cases wherein Louisiana appellate courts have approved the use of amendments under this article (La. C.C.P. art. 1951) where the mistake or omission is evident from the record.” Trahan v. City of Crowley, 08-1394, p. 3 (La.App. 3 Cir. 4/1/09), 7 So.3d 122,124, writ denied, 09-0963 (La.6/19/09), 10 So.3d 739 and writ denied, 09-1042 (La.6/19/09), 10 So.3d 746.
In light of the holdings cited above, we find that the amendments sought by The Habitat adding the date the preliminary default was entered, and removing the language stating the hearing was held in open court, will not add to or subtract from the substance of the judgment. These changes only reflect the manner in which the default judgment was confirmed; thus, the mistakes and omissions at issue are evident from the record. Additionally, these changes do not make the judgment at issue more adverse to the Appellants than it already was.
Lastly, the Appellants argue that The Habitat was required to serve them with the motions as required by La. C.C.P. art. 1312.[8] They argue that in light of the fact that there was no counsel of record for them, The Habitat was still required by the articles to serve a copy of its motions upon the Appellants through their registered agent for service of process, Mr. Bowes.
The district court may grant an ex parte motion where the mover is clearly entitled to relief pursuant to La. C.C.P. art. 963, which provides:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex paHe and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
114Neither of these motions had to be tried contradictorily and therefore served upon the Appellants because The Habitat was clearly entitled to the relief sought in each motion. There is no law stating that a motion to supplement the record and a motion to amend must be set for contradictory hearing. Furthermore, the relief sought by The Habitat was relief to which it was clearly entitled to by the district court, which had already held that The Habitat sustained its burden of proof to confirm the default judgment.
*1135 Additionally, we note that the Third Circuit has held that service of pleadings upon a defendant who does not timely respond to a petition defeats the default judgment process. The Third Circuit explained as follows in Ganey v. RMH Cable, Inc., 99-460, pp. 7-8 (La.App. 8 Cir. 10/18/99), 745 So.2d 123, 127, writ denied sub nom., Ganey v. RMH Cable, Inc., 99-3353 (La.2/4/00), 754 So.2d 228:
The intent of the default judgment procedure in either case[9] is to afford a litigant a remedy where a defendant fails to timely respond to a petition. To require service of the motion for preliminary default or of pleadings associated with the confirmation process would defeat that remedy. A defendant is generally placed on notice by service of citation and the petition that he has a limited amount of time in which to .respond to the petition and that if he does not timely respond, a judgment may be rendered against him without further notice. The fact that the defendant might waive the citation which contains this warning should not defeat the plaintiff’s exercise of his right to proceed absent the defendant’s presence.
Under the circumstances of this case, we cannot say the district court abused its discretion in granting the ex parte motions, especially where the Appellants | ^waited four years to make an appearance of record. Thus, we find that these assignments of error are without merit.
The fourth assignment of error raised by The Appellants is that the district court erred in denying their motion for new trial for the following reasons:
1.there was no notice of the signing of the judgment of default;
2. the default judgment was obtained by ill practice;
3. the ex parte motions of the Habitat were not served upon the Appellants;
4. the ex parte motion to supplement the record sought relief to where there is a question of law and The Habitat is not clearly entitled;
5. the ex parte motion for second amended judgment sought substantive changes to the judgment;
6. The Habitat failed to prove a prima facie case at the hearing of the confirmation of the default judgment; and
7. The Habitat did not follow the proper procedure when confirming the default judgment because the certificate required by La. C.C.P. art. 1702.1 was not timely filed.
As we have previously discussed the arguments raised by the Appellants regarding whether the district court erred in holding that The Habitat proved its prima facie case, whether the district court erred in granting the ex parte motions, and whether the district court erred in allowing The Habitat to supplement the record with the late filing of their article 1702.1 certificate in assignments of error one through three, we pretermit discussion of issues three (3) through seven (7) listed directly above under this assignment of error.
l ifjA district court has “wide discretion when deciding whether to grant a new trial.” Robertson v. Lafayette Ins. Co., 11-0975, p. 8 (La.App. 4 Cir. 2/8/12), 85 So.3d 186 (citing La. C.C.P. art. 1973). Therefore, we review the denial of a new trial by applying the abuse of discretion *1136 standard. Id. (citing Dowl v. Redi Home Health Care Assn., 04-1182, p. 7 (La.App. 4 Cir. 12/22/04), 917 So.2d 434, 440). Furthermore, the Louisiana Supreme Court has explained:
When the trial judge has refused the defendant a new trial in a default judgment case, the appellate court should not disturb that ruling, regardless of the fact that the defendant may urge in his motion for a new trial that he has a meritorious defense to the merits, unless the defendant has shown to the trial judge a good excuse for his failure to appear to defend the suit.
DeFrances v. Gauthier, 220 La. 145, 148, 55 So.2d 896, 897 (La.1951).
The Appellants argue that they are entitled to a new trial pursuant to La. C.C.P. articles 1972(1) and 1973[10], which provides mandatory and discretionary grounds upon which a motion for new trial may be granted, respectively. Article 1973 states that a new trial may be granted in any case if there is a good ground therefor, except as otherwise provided by law. The Appellants argue that a good ground has been recognized by Louisiana courts where the enforcement of the l17judgment would be inequitable and unconscionable. The Appellants further argue that a showing that a judgment was obtained by fraud or ill practice is an adequate good ground for granting a motion for new trial. The Appellants argue that the confirmation of the default judgment was obtained by ill practice because The Habitat did not have the Appellants served with a notice of the signing of the judgment of default.
The Appellants argue that there was no notice of the signing of the judgment of default. They are correct. Notice was not issued to The Appellants that the judgment of default was rendered. Article 1913 of the Louisiana Code of Civil Procedure requires that notice of the signing of a default judgment should be issued to defendants, and it states in pertinent part:
C. Notice of the signing of a default judgment against a defendant on whom citation was served personally, and who filed no exceptions or answer, shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.
However, we have held that the failure to serve notice of the signing of an otherwise valid default judgment against a defendant on whom a proper domiciliary service of process has been made does not have the retroactive effect of changing such a judgment into one which is null. Anderson v. Quincy, 262 So.2d 518, 519 (La.App. 4 Cir.1972). Indeed, the Appellants were served with the petition personally, and the citation form itself warns the defendant that if he, she, or it does not comply with the demand contained in the petition, the defendant must:
[fjile an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, |1S421 Loyola Avenue, New Orleans, LA, with *1137 in (15) days after the service hereof under penalty of default.
Thus, the default judgment and the subsequent confirmation of the default judgment cannot be nullified as a result of the failure of The Habitat to serve notice of the judgment of default upon the Appellants.
Failure to serve the notice of the default judgment does affect the length of the delay within which a new trial can be applied for under La. C.C.P. art. 1974, and the time within which an appeal can be taken. In the matter sub judice, the delay period for the Appellants to file their motion for new trial and for appeal did not commence to run until May 18, 2011, when the Appellants were served with notice of the judgments rendered in this matter.
Regarding the claims of the Appellants that The Habitat engaged in ill practice in this matter, our Court has held that the proper procedural vehicle to challenge a judgment allegedly obtained by ill practice is to file a separate action for nullity, pursuant to La. C.C.P. art. 2004 [11], not a motion for new trial. Viso v. Favie, 502 So.2d 1130, 1131 (La.App. 4 Cir.1987), writ denied, 503 So.2d 465 (La.1987). See also Belle Pass Terminal, Inc. v. Jolin, Inc., 01-0149, p. 5 (La.10/16/01), 800 So.2d 762, 766. Thus, the filing of a motion for new trial in this matter was procedurally improper to raise a claim of ill practice. We find that this assignment of error is without merit.
| i¡)The fifth assignment of error raised by the Appellants is that the district court erred in allowing The Habitat to file a derivative suit for damages to the common and limited common elements of the condominium building. They argue that The Habitat did not file a procedurally correct or legally valid derivative action in compliance with Louisiana Code of Civil Procedure articles 611, et seq. The Appellants argue that The Habitat, in its petition, pleaded that it was suing the Appellants on behalf of itself and the Association for the damages caused to the Association by the CC and/or Time Share. The Appellants argue that The Habitat did not have the authority to sue on behalf of the Association, and that The Habitat does not allege it had this authority. The Habitat did not have the right of action to sue defendants directly for the alleged damages to the common elements as it did in its Petition, under the law governing derivative actions. The Appellants argue that the claims The Habitat seeks to bring may only be brought in a derivative action to enforce the right on behalf of the corporation or unincorporated association. Lastly, the Appellants argue that The Habitat failed to join the other condominium owners of the CC who are indispensable parties.
The crux of the argument of The Habitat is that it did not file a derivative action at all. The Habitat argues that when its petition was filed, the Association was under the exclusive control of the entities of the Appellants of which Mr. Bowes — the registered agent for service of process for each Appellant — was the sole member. Thus, The Habitat argues that there was no basis for requiring The Habitat to sue *1138 the Association in a derivative capacity because the Association was the alter ego of Mr. Bowes. The Habitat further argues that with regard to the common elements of the condominium, it was clear from its petition that the | gnHabitat sought damages for its own interest in the common elements and the limited common elements of the condominium building.
Furthermore, The Habitat argues that this particular assignment of error of the Appellants constitutes an affirmative defense to the causes of action stated in its petition. Thus, The Habitat argues that these defenses had to be raised in an answer, pursuant to La. C.C.P. art. 1005, which the Appellants did not file. Thus, The Habitat argues the affirmative defenses available to the Appellants were waived due to their failure to file an answer.
Upon review of the petition for damages, The Habitat alleges “[t]his action is being asserted on behalf of Habitat and on behalf of the Association for the damages caused to the Association by Commons and/or TimeShare [sic].” [Emphasis added]. As previously stated, however, The Habitat admits that it was not filing a derivative suit, but only sought damages for itself. It argues in its brief that “all damages sought by The Habitat were intended to recompense “The Habitat” for damages to unit D, the common elements and the limited common elements of the building. Indeed, the prayer contained in the petition of The Habitat evidences that The Habitat only sought damages for itself as it states that The Habitat prays for a judgment to be rendered “in favor of [The] Habitat” and “awarding [The] Habitat all amounts due” pursuant to its claims. The damages itemized in the report of Mr. Dahlman indicate that the costs itemized in his report, with the exception of future costs and repairs, were for amounts already expended by The Habitat for the condominium building.
As discussed previously in the first assignment of error, the report of Mr. Dahl-man detailed that there were damages sustained to the common elements and | ⅞1 limited common elements of the building, and that The Habitat incurred specific costs associated with the condominium building. While we find that the verbiage of the petition of The Habitat is inconsistent, the Habitat demonstrated to the district court that it carried its burden of proof as to its own damages. Thus, we find that this assignment of error is without merit.
Lastly, the peremptory exceptions of no right or cause of action, or in the alternative, peremptory exception of nonjoinder of indispensable parties of the Appellants, are denied. The Habitat’s motion to dismiss the exceptions is denied as moot.
DECREE
For the foregoing reasons, the judgment of the district court is affirmed. The peremptory exceptions of no right or cause of action, or in the alternative peremptory exception of nonjoinder of indispensable parties of The Commons Condominiums, LLC, The Commons Condominium Association, Inc., and Time Share Construction, LLC, are denied. The motion to dismiss of The Habitat, Inc., is rendered moot.
AFFIRMED; EXCEPTIONS OF NO RIGHT OF ACTION OR CAUSE OF ACTION OR IN THE ALTERNATIVE EXCEPTION OF NONJOINDER OF INDISPENSABLE PARTIES DENIED; MOTION TO DISMISS MOOT

. Any reference to the Appellants herein shall refer to The Commons Condominiums, LLC, The Commons Condominium Association, Inc., and Time Share Construction, LLC, collectively.

. The Habitat filed a motion to dismiss the exceptions of the Appellants.

. Unit E of the condominium building is owned by the CC.

. In March 2008, The Habitat submitted two proposed judgments to the district court to certify the default judgment. The first proposed judgment was denied by the district court for lack of supporting proof of a prima facie case; however, the second proposed judgment was granted by the district court.

. La. C.C.P. art. 1702.1 provides:
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and if required, the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.

. Words and phrases such as "for the reasons orally assigned”, "READ” and "in open court” were removed from the default judgment.

. There are also no exhibits before this Court.

. La. C.C.P. art. 1312 provides in pertinent part:
Except as otherwise provided in the second paragraph hereof, every pleading subsequent to the original petition shall be served on the adverse party as provided by Article 1313 or 1314, whichever is applicable.

. "[E]ither case” in this opinion of the Third Circuit refers to civil and workers’ compensation matters.

. La. C.C.P. art. 1972 provides in pertinent part:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3)When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La. C.C.P. art. 1973 provides, "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”

. La. C.C.P. art. 2004, entitled Annulment for vices of substance; peremption of action, provides:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C.The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.