JOY COSSICH LOBRANO, Judge.
| Defendant, Phillip Kuzma (“Kuzma”), appeals the district court’s March 4, 2015 default judgment in -favor- of Plaintiff, National Collegiate Student Loan Trust 2007-2 (“NCSL”), for sums allegedly due NCSL on Kuzma’s student loan. For reasons that follow, we vacate and set aside the default judgment, and remand this matter for further proceedings.
- FACTS
On August 16, 2013, NCSL filed its two-paragraph petition seeking to recover *92 $80,213.98 in principal and $5,718.10 in accrued interest, plus additional interest and attorney’s fees, from Kuzma. The petition alleged that the amount prayed for was due under the terms of Kuzma’s student loan agreement. At the same time, NCSL filed a Request for Admission of Fact seeking acknowledgement of Kuzma’s indebtedness.
A “Notice of Deposition” seeking answers to interrogatories for the purpose of securing service of process on Kuzma was subsequently served on Kuzma’s school, University of New Orleans, but no answers to interrogatories were ever filed.
|2On NCSL’s motion suggesting that it was unable to serve Kuzma, the district court appointed a special serving agent on April 7, 2014. The record reflects that personal service was made on Kuzma on May 10, 2014. No answer was filed by Kuzma, and on July 30, 2014, NCSL moved for a preliminary default; the motion was denied for lack of proof of service. The motion was renewed on September 29, 2014, together with proof of service. A preliminary default was entered on September 30, 2014.
Judgment was entered without a hearing on March 4, 2015, in the amount of $35,932.08, plus 4% interest from the date of judgment and attorney’s fees of twenty-five percent. The record provided on appeal does not include NCSL’s motion to confirm the default judgment, or any account information, business records, or affidavits in support of the default judgment. In fact, the record is devoid of any proof of the account’s existence or accuracy beyond the bare allegations of NCSL’s petition.
Kuzma filed a timely motion for devolu-tive appeal on March 25, 2015. On appeal, he argues that the' default judgment was entered in error, because NCSL failed to make a prima facie case as required by Louisiana Code of Civil Procedure article 1702. We agree.
DISCUSSION
“In reviewing the confirmation of a default judgment, ‘an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case.’ Gresham v. Prod. Mgmt., Inc., 021228, p. 3 (La.App. 4 Cir. 2/11/04), 868 So.2d 171, 175. ‘This determination is a factual one governed by the manifest error standard of review.’ Arias v. Stolthaven New Orleans, L.L.C., 08-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818. ‘When the court of appeal finds that a reversible legal error or manifest error of material fact was made in the trial court, the court of appeal is required to determine he facts de novo from the entire record and render a judgment on the merits.’ ” Id.
Parker v. Schneider, 2014-0232, p. 2-3 (La.App. 4 Cir. 10/1/14); 151 So.3d 679, 681 (quoting McIntyre v. Sussman, 2010-1281 (La.App. 4 Cir. 10/26/11), 76 So.3d 1257, 1261).
“A judgment of default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to confirmation.” La.Code Civ. Pro. art. 1702(A). “When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof.” La.Code Civ. Pro. art. 1702(B)(3). “In this context, the affidavit of correctness refers to the validity of the account, i.e. the ‘correctness’ of the sum due.” Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993). It eliminates the need for taking testimony to establish the validity of the account. Id. However, the claim’s existence is supported by a *93 statement of the account or invoices. Id. “Thus, in order to establish both the existence and the validity of a demand for a sum due on an open account, it is necessary for a plaintiff to present evidence of the account itself and an affidavit, or testimony, attesting' to its correctness.” Id.
Further, when a party seeks to confirm a default judgment without a hearing in open court, Louisiana Code of Civil Procedure article 1702.1 imposes additional requirements:
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is on an open account ... and that the necessary invoices and affidavit ... are attached. If attorney fees are sought under R.S. 9:2781 or 9:2782, the attorney shall certify that fact and that a copy of the demand letter and if required, the return receipt showing thq date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 9:2782(A), respectively, have elapsed before suit was filed.
UB. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that ho answer or other opposition has been filed.
In the case at bar, the record reflects that NCSL offered no evidence of a prima facie case which would support a default judgment, because it failed to submit a statement of the open account on which the sum is due and an affidavit verifying the account’s correctness. Thus, the requirements of Louisiana Code of Civil Procedure ¡article 1702 are not met. Although the district court’s judgment contains a recitation that plaintiff “made due proof’ of its demand, this alone, in the absence, of supporting, documentation filed into the record, is insufficient in light of the 2013 amendments to article 1702.[1] Furthermore, the record contains none of the certifications required by article 1702.1. Our Court has held the failure to file a 1702.1 certificate is fatal to the confirmation of the default judgment. Habitat, Inc. v. Commons Condominiums, L.L.C., 2011-1384, p. 11 (La.App. 4 Cir. 7/11/12), 97 So.3d 1126, 1133 (citations omitted).
Accordingly, Plaintiff/Appellee failed to establish a prima facie case, or to conform with other formal requirements for entry of a default judgment., For these reasons, we vacate and set aside the default judgment confirmed in NCSL’s favor, and remand this matter for further proceedings.
VACATED AND REMANDED.

. “Prior jurisprudence holding that a simple recitation in the default judgment that ‘the court reviewed the proof of demands’ is a substitute for the introduction in the record of the evidence considered by the district court in rendering the judgment is no longer valid,” following the 2013 amendments to article 1702 which added a new requirement that all proof for a prima facie, case must be placed into the court record prior to judgment. La. Code Civ. Pro. art 1702, cmts. a, c.