Judge Terri F. Love
hThis is an appeal of a default judgment rendered in a claim against a contractor and surety for breach of contract. Defendant First Standard Asurety, LLLP (“First Standard”) appeals a default judgment rendered after it failed to answer a lawsuit filed against it and New Limits Enterprise, LLC (“New Limits”), for whom First Standard wrote a surety bond for a construction project. First Standard asserts that the plaintiff Ernest N. Morial New Orleans Exhibition Hall Authority (“Authority”) failed to comply procedurally and substantively with the statutory default provisions. A motion for default judg *975 ment must be accompanied by a certificate pursuant to La. C.C.P. Art. 1702.1. The Authority failed to comply with the certification mandate. Therefore, we find the trial court committed manifest error when it granted the Authority’s motion for confirmation of default judgment. Accordingly, the default judgment is reversed and vacated.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Authority and New Orleans Public Facility Management, Inc. entered into a $335,000 contract with New Limits for the construction of chair storage. |aThe contract, which was formally executed in January 2014, called for a completion date of March 31, 2014. In conformity with the contract, New Limits provided a performance bond and payment bond from First Standard.
The Authority filed a petition for breach of contract in September 2015 against New Limits. The petition alleged that New Limits did not meet the initial completion date as well as the extended completion date of November 30, 2014. Despite repeated demands, the Authority claimed that New Limits “failed and/or refused to complete the project for the agreed upon price” and had “abandoned the jobsite, effectively terminating the construction contract.” As of the date of abandonment, the Authority averred that it paid New Limits $259,958. On January 12, 2015, the Authority notified First Standard of New Limits’ default and sought enforcement of the surety bonds.
First Standard was served with the Authority’s lawsuit through its registered agent on October 21, 2015. First Standard did not file an answer to the petition.
Thereafter, the Authority filed a motion for default judgment, which the trial court signed on December 8, 2015. In February 2016, the Authority moved for confirmation of the default judgment. The motion included the following attachments: (1) affidavit of Robert L. Johnson, Executive Vice President of the Authority; (2) notice of bid award; (3) performance bond; (4) payment bond; (5) owner-contractor agreement; and (6) letter from counsel for the Authority to David Harris of First Standard. The trial court denied the motion as presented.[1]
| sIn March 2016, without a hearing, the trial court rendered judgment of default in the Authority’s favor and against New Limits and First Standard for $259,958. The trial court also assessed New Limits with attorney’s fees and costs in the amount of $2,500. First Standard timely appeals the March 2016 judgment of default.

STANDARD OF REVIEW

Appellate courts review confirmation of default judgments under the manifest error/clearly wrong standard of review. Nat’l Collegiate Student Loan Trust 2007-2 v. Kuzma, 15-0504, p. 2 (La.App. 4 Cir. 2/17/16), 187 So.3d 91, 92; See also Arias v. Stolthaven New Orleans, LLC, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818 (“[T]he appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment.. .This determination is a factual one governed by the manifest error standard of review.”).

DISCUSSION

First Standard asserts three assignments of error: (1) the Authority failed to *976 comply with the statutory default provisions; (2) the Authority’s evidence is insufficient to establish a prima facie case; and (3) First Standard agreed to be bound for only one year, which time period had expired before the notice of default or notice of the underlying lawsuit.
The procedure for obtaining a default judgment without a hearing is governed by La. C.C.P. Arts. 1701, 1702, and 1702.1.
The applicable statutory provisions provide, in pertinent part:
|4Art. 1701. Judgment by default
A. If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.
Art. 1702. Confirmation of default judgment
A. A judgment of default must be confirmed by proof of the demand that is sufficient to establish a prima fa-cie case and that is admitted on the record prior to confirmation.!... ] If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.!... ]
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
Art. 1702.1 Confirmation of default judgment without hearing in open court; required information; certifications
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) [... ] along with any proof required by law, he or his attorney shall include in an itemized form with the motion and judgment a certification that the suit is on [... ] a conventional obligation [... ] and that the necessary invoices and affidavit [... ] are attached. [... ]
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
La. C.C.P. Art. 1702.1 (emphasis added).
The Louisiana Supreme Court explained confirmation of a default judgment as follows:
Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, “proof of the demand sufficient to establish |Ka prima facie case.” La. C.C.P. Art. 1702(A); Power Marketing Direct, [Inc. v. Foster, 05-2023, p. 10 (La. 9/6/06), 938 So.2d 662, 670]; [Frank L.] Maraist, [Louisiana Civil Law Treatise: Civil Procedure § 12.3,] at 452-53 [ (2d ed.2008) ]. The elements of a prima facie ease are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Sessions & Fishman v. Liquid Air *977 Corp., 616 So.2d 1254, 1258 (La.1993); Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. Thibodeaux, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. Art. 1703.
Arias, 08-1111, p. 7, 9 So.3d at 820 (footnote omitted).
In its first assignment of error, First Standard avers that the Authority failed to comply with the certificate requirement of article 1702.1. By contrast, the Authority contends that its failure to include the certificate is not fatal error so long as each element of proof necessary to meet the codal requirements for confirmation of default judgment without a hearing is contained in the record. In that the record contains all the necessary elements of proof, the Authority contends that the confirmation of default judgment was not manifest error.
In support of its argument that the omission of the certificate is not fatal to the action, the Authority cites two decisions from the Second Circuit. In Ruston State Bank & Trust Co. v. Streeter, 545 So.2d 1255 (La. App. 2nd Cir. 1989), the Second Circuit affirmed the trial court’s granting of default judgment. The plaintiff did not include a certificate as required by La. C.C.P. Art. 1702.1. However, the elements of proof necessary to meet the requirements for confirming a default judgment without a hearing were contained in the record. Id., 545 So.2d at 1258. Likewise, the motion for confirmation of default judgment incorporated by preference the entire record of the proceedings. Id. Therefore, the Ruston court found the absence of an article 1702.1 certificate was not fatal to default judgment.
The Second Circuit affirmed its position in Ruston, thereafter, in Moore Finance Co., Inc. v. Ebarb, 46,392 (La.App. 2 Cir. 5/18/11), 70 So.3d 856. The appellate court held that strict compliance with the certificate requirement of La. C.C.P. Art, 1702.1 is not fatal error “as long as each element of proof necessary to meet the codal requirements for confirmation of a default without a hearing is contained in the record.” Id., 46,392, p. 9, n. 3, 70 So.3d at 862.
Conversely, First Standard points to decisions from this Court wherein we held the requirements under La. C.C.P. Art. 1702.1 are mandatory and a plaintiffs failure to strictly comply is fatal to the action. In N.O.S.A.P., L.L.C. v. Honnoura, unpub., 06-0971 (La.App. 4 Cir. 12/13/06), 2006 WL 6913032, this Court set aside the judgment of default, finding the plaintiff failed to present any evidence of proof to confirm a suit on an open account. We stated that “[i]t is well established that the requirements of article 1702.1 are mandatory and a plaintiffs failure to strictly comply with these requirements is fatal to the action.” Id., 06-0971, p. 3 (citing VSA, Inc. v. Catalanotto, 97-897 (La.App. 5 Cir. 1/27/98), 708 So.2d 1090, 1092).
In Habitat, Inc. v. Commons Condominiums, LLC, 11-1384 (La.App. 4 Cir. 7/11/12), 97 So.3d 1126, the plaintiff failed to include a certificate upon filing its motion for confirmation of default, but later sought leave of the trial court to supplement the record to cure the defect. Id., 11-1384, p. 11, 97 So.3d at 1133. This Court found that the certificate of counsel complied with the requirements of La. C.C.P. Art. 1702.1 and found no abuse of the trial court’s discretion by allowing the filing of *978 the certifícate as a supplement prior to the confirmation of 17default judgment. Id., 11-1384, p. 10-11, 97 So.3d at 1133.
Further, this Court affirmed the Habitat holding in Kuzma. In Kuzma, this Court found that the plaintiff failed to conform to the statutory default provisions. Despite the record containing a recitation by the trial court that the plaintiff made proof of its demand, the plaintiff failed to submit into the record supporting documentation to establish a prima fade case for confirming default judgment. 15-0504, p. 4, 187 So.3d at 93. This Court also found that the plaintiff failed to include the certifications required by La. C.C.P. Art. 1702.1. Id. Citing Habitat, we reiterated our holding that “the failure to file [an article] 1702.1 certificate is fatal to the confirmation of the default judgment.” Id.
The Authority argues that the cases cited by First Standard involve situations in which the required proof was not submitted to the court. The Authority avers that each element of proof necessary to meet the requirements of confirmation of default judgment without a hearing is contained in the record. Therefore, like the Second Circuit, the Authority avers that we should find strict compliance with La. C.C.P. Art. 1702.1 is not fatal to the action in this case.
Under the “law of the circuit” rule, we are not bound by the decisions made by other circuits; it is persuasive authority only. Bridges v. Production Operators, Inc., 07-0648, p. 7 (La.App. 4 Cir. 12/12/07), 974 So.2d 54, 59. Therefore, we are not bound by the holdings in Ruston and Moore.
The issue raised by this assignment of error is whether the certificate requirement of La. C.C.P. Art. 1702.1 is discretionary or mandatory. In review of the code articles, we note that “[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the ^legislature.” La. C.C. Art. 9.
Article 1702.1 was enacted to provide a procedure for confirmation of a default judgment without a hearing. The article states that “along with any proof required by law he or his attorney shall include ... a certification....” La. C.C.P. Art. 1702.1. The legislature’s use of the term “shall” demonstrates that a plaintiffs compliance is mandatoiy. See La. R.S. 1:3; La. C.C.P. Art. 5053 (“The word ‘shall’ is mandatory”). Furthermore, unlike the Second Circuit in Ruston and Moore, we find the legislature’s inclusion of the qualifying phrase, “along with any proof required by law,” demonstrates that proof of each element necessary to meet the requirements for confirmation—by itself—is insufficient. Therefore, this Court is bound to construe the language of La. C.C.P. Art. 1702.1 as requiring strict compliance with the procedural mandate by a party seeking a default judgment.
The documents attached to the Authority’s motion for confirmation do not include the certificate mandated by La. C.C.P. Art. 1702.1. The Authority admits it has not complied with the statutory requirement, and it did not seek to supplement the record with the certificate prior to the confirmation of default judgment, like the plaintiff in Habitat. We find the legislative use of the term “shall” makes clear that a party moving for confirmation of default judgment must strictly comply with La. C.C.P. Art. 1702.1. For this reason, we adhere to our holdings in Habitat and Kuzma. Therefore, we find the Authority’s failure to submit a certificate pursuant to La. C.C.P. Art. 1702.1 is fatal to the confirmation of its default judgment.

*979
DECREE

Based on the language of La. C.C.P. Art. 1702.1, we find the legislature intended for the statute to be strictly construed. Thus, we find that even though the record contains the necessary elements of proof to satisfy the codal requirements | afor confirmation of default judgment, the failure to submit a certificate as required by La. C.C.P. Art. 1702.1 is fatal to the action. Because the Authority did not submit the mandated certificate, the granting of the motion for confirmation of default judgment was manifest eiTor. In light of our finding, we pretermit discussion of First Standard’s second and third assignments of error. Accordingly, the trial court’s March 2016 judgment is reversed and vacated.
REVERSED AND VACATED

. The record indicates a discrepancy appeared on the face of the prepared judgment that the Authority furnished to the trial court.